IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                              ORDER

                   Plaintiff,

                                                                    09-cr-18-bbc

    v.

VINCENT A. LOWE,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Vincent A. Lowe has filed objections to the report and recommendation signed by the United States Magistrate Judge on May 15, 2009. The magistrate judge recommended denial of defendant's motion to suppress the crack cocaine discovered in his car after he had been taken into custody on a probation hold. Defendant objects to the recommendation, arguing that his probation officer lacked reasonable suspicion to put a hold on him, that the magistrate judge overlooked the omissions from the application that Detective Rortvedt submitted to a Dane County judge in support of her request for a warrant to search defendant's car and that the magistrate judge failed to assess whether defendant's in-custody telephone call was the result of police exploitation of defendant's allegedly illegal arrest.

1

Taking defendant's objections in a slightly different, I am not persuaded that defendant's probation officer lacked reasonable suspicion to put a hold on him, even if I ignore all the information the police had gathered about defendant's drug dealing, but which they did not disclose to Probation Officer Robinson. Robinson had his own concerns about defendant's questionable "employment," which involved the use of neighborhood children to sell candy for him in school. Although Robinson had taken no action on his concerns, he had told defendant to stop his scheme. When he learned from the police that they had information about two drug buys from defendant from an informant afraid to be identified, he had ample reason to be suspicious that defendant was not confining his sales activity to candy.

If defendant's probation hold was legal, as I have found it was, it was permissible for the police to take defendant into custody. That disposes of defendant's third objection, that his telephone call was the exploitation of his illegal custody.

Defendant's second claim is that the warrant application would not have established probable cause for a search of defendant's car had it included all the relevant information in the possession of the police. Defendant argues that they should have included in the warrant application the facts about the drug sniffing dog's failure to alert to drugs in defendant's Lincoln and their failure to find any evidence of drug dealing in searches of defendant's residence, his person, his van and two cars (other than the Lincoln) in his driveway. He adds

2

that they should have omitted from the warrant Detective Rortvedt's vouching for the credibility of the unnamed informant.

Even if the warrant were rewritten to include and exclude the information identified by defendant, it would have been sufficient to justify the issuance of a warrant because it described defendant's agitated telephone call to his girlfriend, directing her to get his drugs out of the arm rest of his Lincoln, the one car that the officers had never searched. Even if the officers had included the fact that the drug sniffing dog had not alerted to drugs in the Lincoln, the judge would have found probable cause to search the car. This additional information would not have detracted from defendant's inculpatory statements to his girlfriend.

With the information from the informant and the telephone call, the police had more than sufficient evidence to establish probable cause for a search. Adding in the information about the unsuccessful searches would not have changed the outcome of the application.

ORDER

IT IS ORDERED that the report and recommendation of the United States Magistrate Judge signed on May 15, 2009, is ADOPTED and defendant Vincent A. Lowe's

3

motion to suppress the evidence seized from the search of his Lincoln is DENIED.

Entered this 3rd day of June, 2009.

                                       BY THE COURT:

                                       /s/

                                       _____
                                       BARBARA B. CRABB
                                       District Judge